(17 Misc. Rep. 421.)

DYER v. DYER et al.

(Supreme Court, Special Term, Albany County. June, 1896.)

1. RES JUDICATA—INTERLOCUTORY ORDER.

In an action by a widow to have set off a share of real estate alleged to have been owned by the husband in fee, and devised to her in lieu of dower, an interlocutory order, entered by consent, adjudging that plaintiff

is entitled to recover the share claimed, and appointing a referee to admeasure it, precludes defendants from showing on the hearing before the referee that the premises in question were subject to a perpetual lease, and that defendants had been dispossessed in an action for past-due rent brought after the commencement of plaintiff's action.

2. EQUITY—MEASURE OF RELIEF—FACTS EXISTING AT TIME OF JUDGMENT.
　　The relief in an equitable action is not confined to the situation existing at its commencement, but may be based on facts existing at the time of judgment.

Action by Mary M. Dyer against William S. Dyer and others to have set off to plaintiff her share of her husband's estate. Plaintiff moves to confirm the report of the referee in her favor. Granted.

John D. White (Zeb A. Dyer, of counsel), for plaintiff.
Jacob L. Ten Eyck, for defendants.

CHESTER, J. The plaintiff moves to confirm a referee's report. The action was brought by the plaintiff as the widow and devisee of James Dyer, to have set off to her the share to which she is entitled in her husband's real estate, under the following clause of his will: "I give and devise to my wife, Mary M. Dyer, the one-third of all my real estate as long as she remains my widow, to be accepted and received by her in lieu of dower." The plaintiff also seeks to recover one-third of the rents, issues, and profits of such real estate since July 12, 1893, when the defendants took possession of the same under a sale to them in foreclosure subject to the plaintiff's rights. An interlocutory judgment has been entered by consent of all parties, in which it is adjudged that the plaintiff is entitled to recover under and by virtue of the provisions and devise for her benefit contained in the last will and testament of James Dyer, deceased, one-third of all the premises described in the judgment (which are the same premises described in the complaint), so long as she remains his widow. The interlocutory judgment also appoints a referee to admeasure, set off, and apportion to the plaintiff herein her one-third interest in said premises under and by virtue of said provision and devise as aforesaid, and to take an account of the rents, issues, and profits of said premises which have accrued since the defendants have been in possession, and to hear and determine the amount said plaintiff is entitled to receive from said rents, issues, and profits, and also to take proofs as to the facts and circumstances alleged in the pleadings herein, and with a direction that he report to the court with all convenient speed. The referee appointed by this interlocutory judgment has made his report, in which he sets off to the plaintiff a portion of said premises, which is fully described in his report, containing 40.63 acres, no part of which is covered by the lease hereinafter mentioned. He also reports that there are no rents, issues, and profits of said premises which have accrued since the defendants entered into possession of the premises up to and including the 15th day of June, 1894, in which the plaintiff is entitled to share. After the entry of the interlocutory judgment, and while the matter was pending before the referee, an action was brought against the parties to this action under one of the Van Rensselaer perpetual leases, covering a considerable proportion of the premises in question, for the recovery of the

possession thereof for the alleged nonpayment of a large amount of past-due rents, and interest thereon under said lease. The defendants oppose this motion to confirm the referee's report, and show by affidavits that the action brought under the Van Rensselaer lease has gone to judgment, and that the parties hereto have been ejected from that portion of the premises in question covered by the lease. After the evidence before the referee was closed, the defendants moved to reopen the case, and offered in evidence the judgment under the lease and notice of entry thereof, and also the writ of possession with the return of the sheriff thereon, showing that the sheriff had delivered possession of the portion of the property covered by the lease to the plaintiff in the suit brought thereunder. The referee reserved his decision upon an objection made to this evidence, and finally rejected it. The defendants claim that they did not know that the evidence had been rejected until the report was made, and that they therefore have had no opportunity to move to amend.

I think the referee's ruling was right, and that he could not properly, under the pleadings and the interlocutory judgment, receive or consider the evidence objected to. The complaint alleges that the testator was at the time of his death the owner in fee of certain real estate, which is fully described therein. The answer does not deny this. The premises described in the complaint includes the portion subject to the perpetual lease, and from which the parties have been ejected in the action brought for re-entry thereunder. The interlocutory judgment, which was entered by consent of all parties, and under which the referee was appointed, adjudges that the plaintiff is entitled to recover one-third of the entire premises therein described, and the description includes the portion subject to the lease. This judgment, so long as it stands, binds all the parties and the referee. He therefore properly sustained the objection to the evidence in question.

I think, however, as the case now stands, it is a proper case for an application to the court for an amendment of the answer and of the subsequent proceedings, including the interlocutory judgment, and for the granting of that relief upon such terms as may be just, to the end that the lease and the judgment and execution thereunder may be set up in the answer, and be given such weight as they are entitled to in determining the question of the share the plaintiff is entitled to in her husband's real estate under the provisions for her benefit in his will. Neither the testator nor any of the parties to this action had any right to enjoy and possess the premises covered by the lease except so long as the rent reserved thereby was paid. The right of re-entry for nonpayment of rent was a right superior to any right of the testator or of any party to the action in relation to the premises in question. Since this action was begun, the defendants and the plaintiff have been ejected, under a judgment on this lease, from a large portion of the premises, which, at the time this action was begun, was claimed by the plaintiff and admitted by the defendants to be owned by the testator in fee at the time of his death. Manifestly it would be inequitable to prohibit the defendants from having an opportunity to put the case in such shape as to have these

matters considered in giving effect to the devise for the widow's benefit. This is not an action for dower, notwithstanding the parties have conformed in their proceedings substantially to the steps usual in such actions; but it is an action in equity to have the amount of the widow's interest under the devise to her in her husband's will ascertained and set off to her. It being an action in equity, the parties are not confined to the situation existing at the time of the commencement of the action; but it is proper for the court to base the measure of its relief upon the facts existing at the time of the judgment. Madison Ave. Baptist Church v. Oliver St. Baptist Church, 73 N. Y. 82, 95; Kilbourne v. Supervisors, 137 N. Y. 170, 178, 33 N. E. 159. The pleadings and the interlocutory judgment, however, stood in the way of this when the case was before the referee, and it was beyond his power to amend the pleadings or the judgment to let in this evidence. It also appears that there was a long delay after the testimony was closed before the referee made his report, and that he has not determined as to whether or not the plaintiff is entitled to any of the rents, issues, and profits of the premises subsequent to the 15th day of June, 1894. The plaintiff claims that she is entitled to have an accounting of the rents and profits of the premises since that date, and have a third thereof set off to her.

As the case now stands, no errors appearing in the proceedings before the referee, his report should be confirmed, but this should be without prejudice to an application to the court to have the case reopened; and to have the answer, interlocutory judgment, and all proceedings amended as herein suggested, and the case sent back to the referee, not only to consider the lease and the ejectment thereunder, but to bring the account of the rents down to the present time. A stay of entry of judgment of 20 days will be granted to the defendants to enable such motion to be made.

I think the costs in the case are in the discretion of the court. While it is an action to recover an interest in real property, it is not an action triable by a jury to recover such interest, and therefore plaintiff is not entitled to costs of course. Code Civ. Proc. § 3228, subd. 1; Id. § 968. Under the circumstances of this case, the question of costs will be reserved for a later application.

Ordered accordingly.